## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Erschel De Leon | ) | Case No. 14-01026 |
| | ) | |
| Debtor(s) | ) | CHAPTER 13 |
| | ) | |
| | ) | Judge Jack B. Schmetterer |
| Erschel De Leon | ) | |
| Plaintiff(s) | ) | |
| | ) | Adv. Pro. No. 14-00271 |
| v. | ) | |
| EMC Mortgage LLC, OneWest Bank, N.A. and | ) | |
| Mortgage Electronic Registration Systems, Inc. | ) | |
| Defendant(s) | ) | |

## FINDINGS OF FACT

**A. The Parties**

1. The Plaintiff is Erschel De Leon.

2. The Defendants are EMC Mortgage LLC, OneWest Bank, N.A. and Mortgage Electronic Registration Systems Inc.

**B. Factual Background**

1. On or about 1/14/2014, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Plaintiffs own the real estate commonly known as 7603 Bristol Lane, Unit D, Hanover Park, IL 60133.

3. Deutsche Bank National Trust Company holds a first mortgage lien on the real property commonly known as 7603 Bristol Lane, Unit D, Hanover Park, IL 60133 with a secured claim of $102,000 pursuant to the debtor's Schedule D.

4. The Defendant holds a second mortgage lien on the real property known as 7603 Bristol Lane, Unit D, Hanover Park, IL 60133 in the approximate amount of $28,375 pursuant the debtor's Schedule D.

5. That the Plaintiffs obtained a valuation of the property on 12/272013 indicating the value as $63.073.

6. The first mortgage lien of Deutsche Bank National Trust Company is a secured claim based on the mortgage recorded on 2/24/2005 as document number 0505511180 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of the Defendant is a claim based on the mortgage recorded 2/24/2005 as document number 0505511181 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 plan provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $500 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On 4/23/2014, the Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and the Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 7603 Bristol Lane, Unit D, Hanover Park, IL 60133.

11. On 4/23/2014, a copy of the summons and complaint was served in accordance with the Federal Rules of the Bankruptcy Procedure by certified U.S. mail, postage prepaid, upon Joseph Otting, President & CEO, OneWest Bank, N.A., 888 E. Walnut Street, Pasadena, CA 91101, and by first-class U.S. mail, postage prepaid, upon EMC Mortgage LLC, c/o C T Corporation System, 208 S. Lasalle St, Suite 814, Chicago, IL 60604, and Mortgage Electronic Registration Systems, Inc., c/o Genpact Registered Agent Inc, 1901 E Voorhees Street, Ste C, Danville, IL 61834.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $63,073.

15. The first secured claim of Deutsche Bank National Trust Company in the amount of $102,000 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to U.S.C. § 1409.

**B. Argument**

1. This action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Deutsche Bank National Trust Company in the amount of 102,000 and the second secured claim of the Defendant in the amount of $28,375.

17. Deutsche Bank National Trust Company has not filed a proof of claim secured by a first mortgage on the Plaintiffs' property at 7603 Bristol Lane, Unit D, Hanover Park, IL 60133.

3. The Defendants have not filed a proof of claim secured by a mortgage second in priority to the first mortgage lien.

4. The value of Plaintiffs' property is $102,000.

5. As there is no value or equity to support the second priority lien of the Defendant its claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankkr. N.D. Ill. January 29, 2010).

Enter:

Dated: 8/15/14

_____
United States Bankruptcy Judge

AUG 25 2014

Ledford & Wu
200 S. Michigan, Ste 209
Chicago, IL 60657
(312)294-4400
(3120294-4410 fax